**LOCAL UNION NO. 500 OF BROTHER-HOOD OF PAINTERS, DECORATORS & PAPER HANGERS OF AMERICA et al. v. WISE.**

Court of Appeals of Kentucky.

June 25, 1954.

Joseph S. Freeland, Paducah, for appellants.

Herbert L. Segal, Louisville, amicus curiae on behalf of Kentucky State Fed. of Labor.

Williams & Hines, Paducah, for appellee.

DUNCAN, Justice.

The question presented on this appeal is whether an unincorporated labor union, not sued in the first instance, may become liable for a judgment rendered against another unincorporated labor organization, based upon the first organization's membership in, or affiliation with, the second.

The question appears to be one of first impression.

In the latter part of 1949, Gerald Wise filed a suit in the McCracken Circuit Court against Paducah Newspapers, Inc., D. E. Hayes, J. E. Lovvo, and George W. Byrd, members of and representatives of The Paducah Central Labor Union, and The Paducah Central Labor Union, a voluntary association. The action sought damages for an alleged libelous advertisement published in a newspaper by The Paducah Central Labor Union. Upon a trial, the plaintiff recovered judgment against Paducah Newspapers, Inc., in the amount of $1,000 and against The Paducah Central Labor Union in the amount of $5,000. The judgment was affirmed upon an appeal to this Court. Paducah Newspapers v. Wise, Ky., 247 S.W.2d 989, certiorari was thereafter denied by the U. S. Supreme Court. Paducah Newspapers v. Wise, 343 U.S. 942, 72 S.Ct. 1035, 96 L.Ed. 1347. The judgment against the newspaper company was paid.

An execution having been issued against Central Labor Union and returned "no property found," appellee filed in the circuit court on August 11, 1952, an amended and supplemental petition. He alleged therein the nonpayment of the judgment and the issuance and return of the execution. For the first time, he named as a defendant Local No. 500 of the Brotherhood of Painters, Decorators & Paper Hangers of America. The supplemental petition prayed that the judgment against Central Labor Union be enforced by attachment and garnishment against the property of Local No. 500. The latter filed its general demurrer, which was overruled. It then filed an answer, to which appellee demurred. The demurrer was sustained and, the Local declining to plead further, judgment was rendered against it for the sum of $5,000 with interest from December 16, 1949, less a small sum, which had in the meantime been collected from Central Labor Union.

The Paducah Central Labor Union is a voluntary unincorporated association, whose membership is composed of certain local unions in the Paducah area, including Local No. 500, which belong to the various national and international unions of the A. F. of L. The Central Labor Union carries on its business by and through delegates selected from time to time by the local unions affiliated with the Central body.

■ Since our opinion in Jackson v. International Union of Operating Engineers, 307 Ky. 485, 211 S.W.2d 138, it has become firmly established in this jurisdiction that unincorporated associations such as Central Labor Union and Local No. 500 possess sufficient legal entity to be subject to suit by the class device. It necessarily follows that the entities of the two organizations are separate and distinct even though there is an affiliable relationship between them. The officers of one are not the officers of the other; the funds and property of the one are not those of the other. Each has its own separate and distinct officers, agents, funds, property, and legal entity to the extent to which the courts have assigned legal entity to organizations of this kind.

It is conceded that the libelous advertisement was published by Central Labor Union at the instance of Local No. 500, and it is insisted that this fact makes the latter liable for the judgment against the former. We are not concerned with the question of whether Local No. 500 might have been liable originally as a joint tort feasor in an action against it, or against it and Central Labor Union jointly. It may well be that, under the circumstances alleged in the amended and supplemental petition, Wise could have obtained a judgment against Local No. 500 if he had joined it as a defendant before trial and judgment. However, he did not choose to do so and the judgment rendered against Central Labor Union in 1949 did not even purport to be a judgment against the component unions affiliated with Central Labor Union.

■ There is not cited, nor have we found, any authority which sustains the proposition that a decree for damages rendered in a representative or class suit can

bind members of the class who have not been made parties and whose individual liability has not been adjudicated. In the Restatement of Judgments, Section 26, Page 118, Comment a., it is stated:

"A court has no jurisdiction to render a personal judgment against members of a class who are not personally subject to the jurisdiction of the court. It can, however, make a final determination as to the issues decided in the class action which will be conclusive as to those issues not only as to the parties who are personally subject to the jurisdiction of the court but also as to those who are not so subject."

The rule was stated by Justice Stone in Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 117, 85 L.Ed. 22, as follows:

"It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."

Local No. 500 was entitled to its day in court. It had the right to have the question of its liability for the original tort litigated in an action to which it was a party and to which it could assert a defense on the merits of that action. Its liability cannot be predicated upon a judgment against a separate and distinct legal entity simply because of its membership in the latter.

Appellee asserts that the appearance of Central Labor Union and its representatives is, in effect, an appearance by all of the component members of Central Labor Union. Since a statutory class action must be strictly construed, the court cannot speculate as to who the named defendants were representing. In view of the allegations made in the original action that the individual defendants were sued as representatives of Central Labor Union, we must assume that they were only representing themselves and the Central Labor

Union to the extent that it is recognized as a legal entity. To go further would extend the theory of class representation farther than it has ever been extended by this or any other court.

The judgment is reversed with directions to dismiss the amended and supplemental petition insofar as it seeks to subject the property of Local No. 500 to payment of the judgment against Central Labor Union.

SIMS, C. J., and CAMMACK J., dissenting.