**The COURIER JOURNAL and Louisville Times Company et al., Petitioners,**

v.

**Honorable Michael D. McDONALD, Judge, Jefferson Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Nov. 22, 1974.

Edgar A. Zingman, Robert C. Ewald, Jon L. Fleischaker, Wyatt, Grafton & Sloss, Louisville, for petitioners.

Frank E. Haddad, Jr., Louisville, for respondent.

CULLEN, Commissioner.

We have before us an original proceeding in this court in the form of a petition by The Courier Journal and Louisville Times Company, newspaper publishers, and Frank W. Clifford, one of the company's reporters who alleges himself to be a citizen and taxpayer of the City of Louisville, against Judge Michael O. McDonald of the Jefferson Circuit Court, seeking an order of mandamus directing the respondent to vacate an order he entered in a wrongful-death suit that had been pending before him. The wrongful-death suit had been brought by the administrator of the estate of a deceased resident of Louisville against two city policemen and the city itself, seeking damages on a claim that the death was caused by negligence or wilful misconduct of the policemen and negligence of the city. The suit was *settled* out of court, but upon the fact of settlement being brought to the attention of the respondent judge, he entered the following order in the suit:

> "IT IS ORDERED that all parties concerned, including the plaintiff and those who will take from the plaintiff, the defendants, Michael F. Duffy, Sr., and Paul W. Nethery, Jr., the defendant, City of Louisville and all agencies thereof and all counsel of record in this case are directed not to discuss the monetary terms of any settlement arrived at in this action with any person unless authorized to do so by the Court."

The foregoing order is the one that the petitioners herein seek to have vacated.

The petition alleges that the terms of the settlement are a matter of public interest; that the city records concerning the payment of public money in the settlement are public records; that the petitioners have such special interest as entitles them to examine the public records; that the city officials are ready and willing, absent the order here in question, to disclose the facts

of the settlement; and that the order denies to the petitioners their constitutional rights in the areas of freedom of the press and freedom of speech.

The response pleads that the order in question was justified to protect the *right of privacy* of the individual litigants in the wrongful-death suit, and that the petitioners have not shown such a special interest as would entitle them to inspect the city records concerning the settlement.

As will be developed at a later point in this opinion, we think that the order in question has no validity, but for the reasons directly hereinafter stated we are denying the petition for mandamus.

■ The relief sought is that the order in the wrongful-death suit be *vacated,* as void. The petitioners herein were not *parties* to that suit, so they could not have moved directly in the circuit court to have the order vacated. See CR 60.02; City of Manchester v. Keith, Ky., 396 S.W.2d 44; Mulligan v. First National Bank & Trust Co. of Lexington, Ky., 351 S.W.2d 59; City of St. Matthews v. Roberts, Ky., 490 S.W.2d 750; 46 Am.Jur.2nd, Judgments, sec. 694, p. 845; 49 C.J.S. Judgments § 293b, p. 540. Since they could not have had the order vacated by proceeding directly in the circuit court, obviously they have no standing to ask this court to direct that the order be vacated. The general rule is stated to be that mandamus will not lie to courts or judges at the instance of strangers to the proceedings. See 55 C.J. S. Mandamus, § 49, p. 84.

■ The petitioners are not precluded from seeking to attack the validity of the order in question collaterally by an appropriate civil action in which the question of whether the order is a valid basis for denial of an inspection of the city records can be placed in issue.

■ Although, for the reasons stated, we are denying mandamus, it will be expeditious that we state our view that the order in question will not withstand a test of validity. The theory that the order was authorized by way of protection of the litigants' right of privacy, which is the only theory offered in support of the order, is not well-grounded. The very authorities relied upon by the respondent recognize that the right of privacy does not extend to affairs with which the public has a legitimate concern. See 62 Am.Jur., 2nd, Privacy, sec. 1, p. 683. Certainly the payment of city funds in settlement of a suit against the city and some of its officers, based on negligence or misconduct in the performance of duty, is a matter with which the public has a substantial concern, against which little weight can be accorded to any desire of the plaintiff in that suit to keep secret the amount of money he received.

Actually, there is no assertion that any of the litigants asked that his privacy be protected by such an order as the one in question. The order appears to have been purely gratuitous on the part of the court. The order partakes of the nature of a prior restraint of expression, which "bears heavy presumption against its constitutional validity." New York Times Co. v. United States, 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822.

We do not reach the question of whether the petitioners herein have such an interest as would entitle them to inspect the city records pertaining to the settlement over objections by the custodians of those records. Cf. City of St. Matthews v. Voice of St. Matthews, Inc., Ky., 519 S.W.2d 811 (this day decided). They allege that the custodians have no objection, aside from the court order.

The petition is denied.

All concur.