AMERICAN COLLECTORS EXCHANGE, INC., and Torami, Inc., Appellants,

v.

KENTUCKY STATE DEMOCRATIC CENTRAL EXECUTIVE COMMITTEE, an Unincorporated Association, and William L. Sullivan, Martha Layne Collins, John Y. Brown, Jr., Daniel D. Briscoe, and Blanche Mahoney, Individually and as Representatives of the Class of Persons Composing the Kentucky State Democratic Central Executive Committee, an Unincorporated Association, as of on or about November 14, 1974, Appellees.

AMERICAN COLLECTORS EXCHANGE, INC., and Torami, Inc., Appellants,

v.

AUTER, SMALLEY AND STENGEL, INC., Appellees.

Court of Appeals of Kentucky.

Jan. 6, 1978.

Rehearing Denied Feb. 24, 1978.

Discretionary Review Denied June 6, 1978 and June 27, 1978.

Kenneth S. Handmaker, Carl W. Brown, Louisville, for appellants.

Thomas C. Carroll, Louisville, for Kentucky State Democratic Central Executive Committee.

Bill V. Seiller, Louisville, for Auter, Smalley & Stengel, Inc.

Before HOWARD, REYNOLDS and WILHOIT, JJ.

WILHOIT, Judge.

These two appeals, which have been consolidated, are from judgments of the Jefferson Circuit Court. The first is from a judgment dismissing two third-party complaints. The second is from a judgment entered upon a jury verdict. Both appeals arise out of a project of the Kentucky State Democratic Central Executive Committee to raise money through the sale of art prints of works by noted Kentucky artists. To this end, the Executive Committee entered into two contracts, one with American Collectors Exchange, Inc., which was to act as purchasing agent for the Committee, and the other with Torami, Inc., which was to act as distribution agent. Each of the contracts was signed on behalf of the Executive Committee, an unincorporated association composed of 52 members, by William L. Sullivan, its chairman, and Martha Layne Collins, its secretary. The contracts were signed on behalf of the respective corporations by Robert B. Wheeler, president of both. Torami is a wholly owned subsidiary of American Collectors Exchange.

According to his testimony, Mr. Wheeler, acting on behalf of Torami, orally contracted with Auter, Smalley and Stengel, Inc., an advertising agency, for advertising services and materials in furtherance of the project. These services and materials were supplied prior to February 8, 1975. When payment was not received, Auter, Smalley and Stengel on April 8, 1976, brought suit against American Collectors Exchange and Torami for $7,813.33.

American Collectors Exchange and Torami filed a third-party complaint seeking to join the Executive Committee in its own name as a party defendant for contribution. On motion of the Executive Committee this complaint was dismissed. Later, another third-party complaint was filed by American Collectors Exchange and Torami. This complaint, also for contribution, named as defendants William L. Sullivan, Martha Layne Collins, John Y. Brown, Jr., Daniel Briscoe, and Blanche Mahoney, individually and as representatives of the class of persons composing the Kentucky State Democratic Central Executive Committee. The named class members moved for dismissal of this complaint and their motion was granted. The trial court's dismissal of the two third-party complaints is the subject of the first appeal.

The original action then proceeded to trial before a jury which returned a verdict in favor of Auter, Smalley and Stengel against American Collectors Exchange and Torami for the full amount claimed. Judgment was entered in accordance with the verdict. This judgment is the subject of the second appeal.

### I.

■ With respect to the first appeal, we believe the court properly dismissed the initial third-party complaint because under the law in this jurisdiction an unincorporated association cannot be sued solely in its own name. *Business Realty, Inc. v. Noah's Dove Lodge # 20,* Ky., 375 S.W.2d 389 (1964). Our conclusion as to the second third-party complaint, however, is otherwise. This third-party complaint not only properly asserted a claim under CR 14.01, but also appears to have met the initial prerequisites of CR 23.01 and 23.02 for the maintenance of a class action. We do not agree with the contention that venue was improper because the headquarters of the Executive Committee is in Frankfort and the only one of the named individual members of the Executive Committee who was summoned did not reside in Jefferson County. Under CR 14.01, a third party against

whom contribution or indemnification is sought may be joined regardless of whether the venue provisions of KRS 452.480 are met as to the third party. *Goodwin Brothers v. Preferred Risk Mutual Insurance Co.,* Ky., 410 S.W.2d 714 (1967).

■ Study of our case law reveals a rather curious development which bears on the capacity of the Executive Committee as an entity to be made a party defendant in this complaint. While not subject to suit solely in its own name, it appears that an unincorporated association may be sued through the device of a class action. When such a suit is otherwise capable of being maintained, not only can the members of the class who compose the association be brought before the court, but the association itself can be made a party. The association is deemed to have "sufficient legal entity" to be sued in this fashion. *Local Union No. 500, etc. v. Wise,* Ky., 269 S.W.2d 721 (1954); *Lyons v. Bryan,* Ky., 273 S.W.2d 838 (1954).

■ We, therefore, conclude that the court erroneously dismissed the second third-party complaint and that the Executive Committee as a separate legal entity from its membership is capable of being sued through the class action brought by that complaint.

### II.

■ With respect to the second appeal, we find no error in the failure of the trial court to direct a verdict for Torami against the claim of Auter, Smalley and Stengel. Torami asserts that it acted as an agent for a disclosed principal, the Executive Committee, in contracting with the advertising firm. It argues correctly that the law generally protects an agent from liability for lawful acts done within the scope of his agency on behalf of a disclosed principal. *Potter v. Chaney,* Ky., 290 S.W.2d 44 (1956). The difficulty with Torami's position is that there was no true agent-principal relationship between it and the Executive Committee. The written contract between the two, while naming Torami as the Executive

Committee's "sole and exclusive agent for the promotion, sale and distribution of the Prints," did no more than give Torami an exclusive dealership in return for its commitment to promote, sell, and distribute prints. The relationship which existed between Torami and the Executive Committee was more akin to what has been termed a "sales agency." *Stratton & Terstegge Co. v. Stiglitz Furnace Co.*, 258 Ky. 678, 81 S.W.2d 1 (1935).

Neither do we find that the court erred in refusing to instruct the jury that only Torami and not American Collectors Exchange could be held liable to Auter, Smalley and Stengel. The record reveals that, in addition to being a wholly owned subsidiary of American Collectors Exchange, Torami had no assets, employees, or even stationery. Mr. Wheeler's only correspondence with the advertising firm was on the stationery of American Collectors Exchange. Further, there was evidence that Auter, Smalley and Stengel had never heard of Torami, which had not previously engaged in any business, until a bill for its services was sent to American Collectors Exchange. Under the circumstances, we believe the court could properly conclude that Torami was nothing more than an alter-ego or an instrumentality of American Collectors Exchange and properly refuse the requested instruction.

Since we have determined that Torami did not act as agent for the Executive Committee in contracting with Auter, Smalley and Stengel, it is unnecessary for us to consider the other alleged error in the instructions.

The judgment of the trial court against American Collectors Exchange, Inc., and Torami, Inc., in favor of Auter, Smalley and Stengel, Inc., is affirmed.

All concur.