JIM HOST & ASSOCIATES,
INC., Appellant,

v.

Jim SHARPE, Joe Jackson, Arthur C. Girard, Jess Turpin, Ray H. Bailiff, Jr., Johnny Tuttle, James H. Steele, Mike Steele, individually and as members of the Steering Committee of Somerset-Pulaski County Citizens for Progress; and Somerset-Pulaski County Citizens for Progress, also known as Citizens for Progress of Pulaski County and Citizens for Progress in Pulaski County, an unincorporated association, Appellees.

Court of Appeals of Kentucky.

Feb. 5, 1982.

Discretionary Review Denied
Oct. 28, 1982.

Arthur A. Abshire, Abshire & Abshire, Lexington, for appellant.

Dale B. Mitchell, Bruce W. Singleton, Mitchell & Gillum, Somerset, for appellees.

Before HAYES, C.J., and REYNOLDS and WILHOIT, JJ.

WILHOIT, Judge.

Jim Host & Associates, Inc. appeals from an order of the Pulaski Circuit Court dismissing its complaint against the appellees for money claimed due from them for advertising and public relations services.

In the spring of 1980 a petition was filed with the Pulaski County Clerk requesting a referendum on legalizing the sale of· alcoholic beverages in that county. An unincorporated association had been formed to secure signatures to the petition and to support an affirmative vote on the question. This association was known generally as the Somerset-Pulaski County Citizens for Progress. The affairs of the association were managed by a group of eight individuals known as the "steering committee." According to the complaint filed by the appellant, the members of the steering committee, acting on behalf of themselves and the association contracted with the appellant to perform advertising and public relations services furthering the position of the association in the referendum. The appellant performed the services requested; however, the bill for its services in the amount of $13,895.26 remains unpaid. This action was then brought by the appellant, seeking recovery, jointly and severally, against the unincorporated association, the steering committee as a body, and the individual members of the steering committee.

■ The circuit court granted the appellees' motion to dismiss the complaint as to the unincorporated association because the court did not believe that the association was amenable to suit except by way of a class action and no attempt had been made to proceed with such an action. We agree. *American Collectors Exchange, Inc. v. Kentucky State Democratic Central Executive Committee,* Ky.App., 566 S.W.2d 759 (1978).

We cannot quarrel with the logic of the appellant's argument that where the entire membership of an unincorporated association is otherwise before the court, a class action is not necessary to subject the association itself to suit, although we would question the utility of naming the association itself a party to such a suit. In any event, there was no allegation here that the individuals named in this action as defendants comprised the entire membership of the Citizens for Progress.

■ The circuit court dismissed the complaint as to the individuals named as defendants because it believed that they could not be held personally liable for the acts of the association. In this, we believe that the court erred. The law in this jurisdiction is that the members of an unincorporated association organized for political purposes and not engaged in a business enterprise are ordinarily not liable for the indebtedness of the association. *Stege v. Louisville Courier Journal Co.,* 196 Ky. 795, 245 S.W. 504 (1922). However, individual members may be held liable when they have authorized or ratified the transactions out of which the debt arose. *Brady v. Mutual Benefit Department of the Order of Railway Conductors of America,* 215 Ky. 177, 284 S.W. 1045 (1926). According to the complaint, the individuals named therein, who comprise the steering committee, were the very ones who negotiated with the appellant and authorized the services to be performed. From the record before us, we can only conclude that the complaint should not have been dismissed as to those individuals.

We do not view the fact that an unincorporated association has been held to have "sufficient legal entity" to be sued through a class action, *American Collectors Exchange, Inc. v. Kentucky State Democratic Central Executive Committee, supra,* as in any way modifying established common law principles regarding the liability of individual members of such an association for its debts. If, as argued by the appellees, the group or common funds of an unincorporat-

ed association may be reached through a suit against the association itself, it does not follow that recovery by one wronged by the association or its agents is thereby limited to recovery from such funds.

So much of the order of the Pulaski Circuit Court as dismissed the complaint against the unincorporated association is affirmed. So much of the order as dismissed the complaint against the individuals named as appellees herein is reversed, and this matter is remanded to the Pulaski Circuit Court for further proceedings.

All concur.