LEWIS LP GAS, INC; Aileen B. Lewis; and James Randolph Lewis, Appellants,

v.

Debra H. LAMBERT, Special Judge for the Family Court of the 27th Judicial Circuit, Appellee,

and

Janie Greer Lewis, Real Party in Interest.

No. 2002–SC–0582–MR.

Supreme Court of Kentucky.

Aug. 21, 2003.

James T. Gilbert, Coy, Gilbert & Gilbert, Richmond, Counsel for Appellants, Lewis LP Gas, Inc. and Aileen B. Lewis.

Franklin Stivers, London, Counsel for Appellant, James Randolph Lewis.

Debra H. Lambert, Special Judge for the Family Court of the 27th Judicial Circuit, Mt. Vernon, pro se Appellee.

David F. Broderick, Steven O. Thornton, Paul Kevin Hackworth, Broderick &

Thornton, Bowling Green, Counsel for Real Part in Interest, Janie Greer Lewis.

KELLER, Justice.

## I. INTRODUCTION

In a dissolution proceeding between Janie Greer Lewis ("Janie Lewis") and James Randolph Lewis ("Randy Lewis"), the trial court entered an order restraining Lewis LP Gas, Inc. ("Lewis LP Gas") from selling its primary asset, an interest in Ferrellgas LP ("Ferrellgas"). Lewis LP Gas is a family corporation in which Randy Lewis is the majority stockholder and Aileen B. Lewis ("Aileen Lewis"), Randy Lewis's mother, is the minority stockholder. Neither Lewis LP Gas nor Aileen Lewis is a party to the dissolution action.[1] Seeking relief from the trial court's order, Appellants filed a petition for a writ of prohibition from the Court of Appeals. After being denied relief by the Court of Appeals, Appellants appealed to this Court as a matter-of-right.[2] After a review of the record, we conclude: (1) that Appellants have standing to seek a writ of prohibition against the trial court, and (2) that Appellants have demonstrated their entitlement to a writ of prohibition against the trial court because it was acting without jurisdiction in restraining Lewis LP Gas, and it has no adequate remedy by appeal. Accordingly, we reverse the Court of Appeals's order and remand this case for entry of an order granting the writ sought.

## II. BACKGROUND

The underlying case in the present appeal is a dissolution action filed in Laurel Circuit Court between Janie Lewis and Randy Lewis. Randy Lewis is president of Lewis LP Gas, a family corporation formerly engaged in the sale of bottled propane gas. Together, Randy Lewis and Aileen Lewis, his mother, are the sole shareholders of Lewis LP Gas (holding, respectfully, 85.88% and 14.12% of the shares). In October 1997, Lewis LP Gas sold its assets to Ferrellgas in exchange for a limited partnership interest in that company. This transaction resulted in the shares of Ferrellgas becoming the primary asset of Lewis LP Gas.

On September 10, 2001, the trial court entered a Status Quo Order[3] in the dissolution action. The order required the court's permission before the parties could alienate their property. The order provides in pertinent part:

> [T]he Court orders that except as may be necessary to pay reasonable living expenses, neither party shall sell, encumber, gift, bequeath, or in any manner transfer, convey, or dissipate any property, cash, stocks or other assets currently in their possession or control to another person, company, legal entity

---

1. In a dissolution proceeding, the trial court may join additional persons as parties. KRS 403.150(6) ("The court may join additional parties proper for the exercise of its authority to implement this chapter."). *See also* CR 19.01.

2. KY. CONST. § 110(2)(a); CR 76.36(7)(a).

3. Apparently, the trial court routinely enters this order sua sponte in every dissolution action. We assume that the order is entered under KRS 403.160(3) ("As part of a motion for temporary maintenance or support or by independent motion accompanied by affidavit, either party may request the court to issue a temporary injunction or restraining order pursuant to the Rules of Civil Procedure."). We would caution the trial court against issuing this order sua sponte, and we would further note that any such order must fully comply with the Kentucky Rules of Procedure concerning the issuance of a restraining order or temporary injunction. *See infra* Part III. Appellants, however, do not object to the status quo order since it does not, in their opinion, restrain Lewis LP Gas.

or family member without first obtaining an order from this court giving them permission to do so or filing with the court an agreed order signed by both parties or their attorneys.

Janie Lewis subsequently moved the trial court to hold Randy Lewis in contempt for violating the status quo order by attempting to sell some of Lewis LP Gas's shares of Ferrellgas, and she asked the trial court to order that neither Lewis LP Gas nor Randy Lewis individually be permitted to transfer stock pursuant to the terms of the previously entered order. Randy Lewis responded by arguing that the status quo order did not apply to the stock shares in question because they were his non-marital property.

After a March 1, 2002 hearing on the issue, the trial court entered an order restraining the sale of Lewis LP Gas' shares of Ferrellgas:

> It is ordered, as to the Motion for a Restraining Order against Respondent, James Randolph Lewis, that he is restrained from conducting any further stock sales in the matter and any involvement in a sale of the shares of stock in Ferrellgas owned by Lewis LP Gas, Inc., and that he is not to sell or convert the Ferrellgas stock in any way or encumber them in any way without obtaining permission of the Court.[4]

Appellants' request for an injunction bond was denied by the trial court.

Because the trial court's order restricts Lewis LP Gas's ability to manage its business, Appellants sought a writ in the Court of Appeals to prohibit the trial court from enforcing its order against Lewis LP Gas. After the Court of Appeals denied them the relief sought, Appellants appealed to this Court.

## III.  ANALYSIS

### A.  STANDING

■  Before addressing the merits of Appellants' arguments regarding the writ, however, we must first resolve whether Appellants have standing to seek such relief.  In *Courier–Journal v. McDonald*,[5] this Court's predecessor stated:

> The relief sought is that the order in the wrongful-death suit be vacated, as void.  The petitioners herein were not parties to that suit, so they could not have moved directly in the circuit court to have the order vacated.  Since they could not have had the order vacated by proceeding directly in the circuit court, obviously they have no standing to ask this court to direct that the order be vacated.  The general rule is stated to be that mandamus will not lie to courts or judges at the instance of strangers to the proceedings.  55 C.J.S. Mandamus, § 49, p. 84.[6]

The *McDonald* Court relied upon the general rule as then stated in Corpus Juris Secundum that the writ of mandamus remedy is unavailable to "strangers to the proceedings."  Lewis LP Gas and Aileen Lewis can hardly be characterized as "strangers" to these proceedings, however, because the trial court's order directly and substantially affects them by involving Lewis LP Gas. Additionally, the current version of Corpus Juris Secundum now incorporates at Mandamus § 42 the princi-

---

4.  The trial court interprets this order as not only restraining Randy Lewis but Lewis LP Gas as well.  Additionally, Randy Lewis does not have any independent ownership interest in Ferrellgas.

5.  Ky., 524 S.W.2d 633 (1974) (overruled on other grounds by *Courier–Journal and Louisville Times Co. v. Peers*, Ky., 747 S.W.2d 125, 130 (Ky.1988)).

6.  *Id.* at 635 (citations at end of first sentence omitted).

ple of law that "[o]rdinarily any person having an interest in the subject matter of the petition is entitled to institute mandamus proceedings."[7] And, the commentary to § 42 explains:

A petitioner for mandamus relief must have standing just as any other litigant must, and must meet statutory standing requirements. Ordinarily any person having an interest in the subject matter of the petition is entitled to institute mandamus proceedings, but an officious intermeddler may not seek mandamus in a matter with which he is not concerned.[8]

While neither Lewis LP Gas nor Aileen Lewis is an actual party to the underlying dissolution action, they are clearly not "officious intermeddler[s]." The subject matter of the trial court's order sub judice is the shares of Ferrellgas owned by Lewis LP Gas. Thus, Lewis LP Gas has a legitimate interest in the subject matter of these proceedings. Aileen Lewis has an interest in seeing that her investment as a shareholder of Lewis LP Gas is protected. Appellants argue forcefully that the trial court's order has shackled the corporation's ability to engage in prudent business decisions concerning the sale of its principal asset. Moreover, we observe that the failure to recognize Lewis LP Gas's standing to pursue such relief may also implicate rights of due process that uphold the

premise that "a person should not be bound by an injunction decree unless she has had her day in court."[9] Accordingly, we find that Lewis LP Gas and Aileen Lewis have standing to seek a writ of prohibition against the trial court.

## B. WANT OF JURISDICTION AND INADEQUATE REMEDY BY APPEAL

Due to the extraordinary nature of its relief—interlocutory intervention by an appellate court,[10] the writ of prohibition remedy is reserved for exceptional circumstances[11] and therefore should be granted only upon a showing that "(1) the lower court is proceeding or is about to proceed outside its jurisdiction and there is no adequate remedy by appeal, or (2) the lower court is about to act incorrectly, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result."[12]

Appellants argue that a writ of prohibition is appropriate in this case under the first criterion because (1) the trial court acted outside its jurisdiction by restraining a non-party, Lewis LP Gas, from engaging in normal business decisions with regard to the purchase and sale of its assets, and (2) the corporation has no adequate remedy by appeal. Appellants also stress that irreparable injury may occur if it is prohib-

---

7. 55 C.J.S. Mandamus, § 42, p. 63.

8. *Id.* (footnotes omitted).

9. Richard A. Bales & Ryan A. Allison, *Enjoining Nonparties*, 26 AM. J. TRIAL ADVOC. 79, 80 (2002) ("On the one hand is the principle, rooted in due process, that a person should not be bound by an injunction decree unless she has had her day in court." (footnote omitted)).

10. *Southeastern United Medigroup, Inc. v. Hughes*, Ky., 952 S.W.2d 195, 199 (1997); CR 76.36.

11. *James v. Shadoan*, Ky., 58 S.W.3d 884, (2001) (holding that a writ of prohibition should only be granted in exceptional circumstances); *Wal-Mart Stores v. Dickinson*, Ky., 29 S.W.3d 796, 800 (2000) (explaining that a writ of prohibition is an extraordinary remedy) (citing *Bender v. Eaton*, Ky., 343 S.W.2d 799, 800 (1961)).

12. *Southeastern United Medigroup, Inc. v. Hughes*, Ky., 952 S.W.2d 195, 199 (1997) quoted with approval *Tipton v. Com.*, Ky.App., 770 S.W.2d 239, 241 (1989); *Kentucky Labor Cabinet v. Graham*, Ky., 43 S.W.3d 247 (2001).

ited from selling its Ferrellgas shares, which are volatile in value.

■ Appellee responds that the trial court has jurisdiction over Lewis LP Gas because the corporation is Randy's "alter ego."[13] Thus, Appellee asserts that the trial court could pierce the corporate veil to obtain jurisdiction over Lewis LP Gas.[14] Although we agree that the alter-ego rule may confer jurisdiction over a corporation under certain circumstances, we disagree that it is applicable here. The alter-ego doctrine is reserved for situations in which incorporation is accomplished to invoke fraudulent protection against personal liability.[15] "[T]he elements thereof have been defined as follows: (1) that the corporation is not only influenced by the owners, but also that there is such unity of ownership and interest that their separateness has ceased; and (2) that the facts are such that an adherence to the normal attributes, viz[.], treatment as a separate entity, of separate corporate existence would sanction a fraud or promote injustice."[16] In sum, under the alter-ego theory, assets "owned" by the corporation are inseparable from those controlled by its owner.[17] That is not the case here. Lewis LP Gas was incorporated as a family business and continues as such. Although the nature of its business has changed, with Randy Lewis and his mother at the helm, it continues as a separate business from its owners. Its major holding, Ferrellgas stock, is an independent asset of the corporation. Although Randy Lewis owns the majority of the Lewis LP Gas's stock, he does not own all of its stock and the corporation's separateness still exists. Thus, the alter-ego doctrine is inapplicable in the present case and may not be used as a jurisdictional hook for the trial court to exert control over Lewis LP Gas.

Because Lewis LP Gas and Aileen Lewis are not parties to the underlying dissolution action, they cannot appeal the trial court's order restraining the sale by Lewis LP Gas of its Ferrellgas' shares.[18] Consequently, Lewis LP Gas and Aileen Lewis do not have an adequate remedy by appeal.

**13.** "[A]lter ego" means "[a] corporation used by an individual in conducting personal business, the result being that a court may impose liability on the individual by piercing the corporate veil when fraud has been perpetrated on someone dealing with the corporation." BLACK'S LAW DICTIONARY 78 (7th ed.1999).

**14.** *Dare To Be Great, Inc. v. Com. ex rel. Hancock,* Ky., 511 S.W.2d 224, 227 (1974) ("Generally a corporation will be looked upon as a separate legal entity but when the idea of separate legal entity is used to justify wrong, protect fraud or defend crime the law will regard the corporation as an association of persons."); *see also White v. Winchester Land Development Corp.,* Ky.App., 584 S.W.2d 56, 61 (1979).

**15.** *Southeastern Greyhound Lines v. Harden's Adm'x,* Ky., 136 S.W.2d 42, 44, 281 Ky. 345 (1940) ("We have often held that where one corporation was but the alter ego of another, or but a conduit through which one operated as by way of pretense or deceit, or in the

perpetration of a fraud, the courts will look through the fiction and place responsibility where it belongs."); *Com. Natural Res. & Envrion, Prot. v. Neace,* Ky., 14 S.W.3d 15 (2000); Black's Law Dictionary 78 (7th ed.1999) ("alter-ego rule" is "[t]he doctrine that shareholders will be treated as the owners of a corporation's property, or as the parties in interest, whenever it is necessary to do so to prevent fraud or to do justice.").

**16.** *White v. Winchester Land Development Corp.,* Ky.App., 584 S.W.2d 56, 61–62 (1979) (citations omitted).

**17.** *American Collectors Exchange, Inc. v. Kentucky State Dem. Central Exec. Committee,* Ky. App., 566 S.W.2d 759, 761 (1978).

**18.** CR 65.07(1) ("When a circuit court by interlocutory order has granted, denied, modified, or dissolved a temporary injunction, a *party adversely affected* may within 20 days after the entry thereof move the Court of

## C. THE BOND REQUIREMENT

■ In the March 15, 2002 order enjoining the sale of Ferrellgas stock, the trial court concluded that a bond was not required to provide for its enforcement.[19] We disagree. CR 65.05(1) provides:

> No restraining order or temporary injunction shall be granted except upon the giving of a bond by the applicant, with surety, in such sum as the court or the officer to whom application is made deems proper, for the payment of such costs and damages as may be incurred or suffered by any person who is found to have been wrongfully restrained or enjoined. The address of the surety shall be shown on the bond.

The rule unquestionably requires that a bond accompany an order granting temporary injunction relief,[20] and the trial court erred when it enjoined the stock sales without requiring Janie Lewis to post a bond sufficient in amount to protect Appellants.

## D. MOOTNESS

■ During these proceedings, the trial court entered an order allowing Randy Lewis to sell Ferrellgas stock:

> The court having considered Respondent's motion to permit the sale of certain assets, and the Court having read extensive testimony taken in this case, SUSTAINS the motion in part. The Respondent is authorized to sell any or all of the Ferrell Gas stock, provided that all the proceeds derived from the sale be deposited with the Laurel Circuit Court Clerk for disbursement pursuant to subsequent orders of this Court. The Respondent shall furnish to the Court a detailed statement of the entire stock transferred, including number of shares sold and amount received.

Janie Lewis contends that since this order permits stock sales, the controversy presented for our decision no longer exists. We disagree. The mootness doctrine operates to vitiate a case or controversy, and thus render court opinions advisory, when the issue at hand ceases to exist prior to judicial resolution.[21] It is a well-settled principle that judicial intervention is viable only in circumstances setting forth an ongoing disagreement.[22] While the plain language of the order grants Lewis LP Gas permission to sell Ferrellgas stock, it also requires that the proceeds of any stock sale be deposited with the court for later distribution as directed by the trial court. As a result, the order continues to restrain Lewis LP Gas's ability to make legitimate business decisions with regard to its assets. Instead of a prior restraint on stock

Appeals for relief from such order." (emphasis added)); CR 65.08("(1) After an appeal is taken from a final judgment granting or denying an injunction any *party may move* the circuit court to grant, suspend or modify injunctive relief during the pendency of the appeal. (2) A *party adversely affected* by a ruling by the circuit court under paragraph (1) of this rule, may move the Court of Appeals for relief." (emphasis added)); *see* generally CR 73, 74, 75 and 76.

19. Specifically, the order states: "As to the matter of a bond, the court does not require a specific bond of Ms. Lewis in this matter but the court will enforce the Status Quo Order entered previously."

20. *National Collegiate Athletic Ass'n v. Lasege,* Ky., 53 S.W.3d 77, 88 (2001).

21. BLACK'S LAW DICTIONARY (6th Ed.1998).

22. *Associated Industries of Kentucky v. Com.,* Ky., 912 S.W.2d 947, 951 (1995) (noting that Article III of the Federal Constitution requires that a prerequisite to adjudication is an actual case or controversy); *Philpot v. Patton,* Ky., 837 S.W.2d 491, 493 (1992) (explaining that the mootness doctrine operates to prevent courts from giving advisory opinions).

sales, the trial court's order now requires Lewis LP Gas to deposit with the trial court any proceeds from a sale of its Ferrellgas stock. And thus, Appellants argue that the trial court's previous order still operates to Lewis LP Gas's detriment as it prevents the corporation from seeking to maximize the interests of its stockholders through additional purchases and sales of stock or other business ventures. Accordingly, we hold that this matter was not mooted by the trial court's subsequent order.

## IV. CONCLUSION

We conclude that the trial court was without jurisdiction to enjoin Lewis LP Gas and that it has no adequate remedy by appeal. Accordingly, we hold that the Court of Appeals abused its discretion when it denied Appellant's petition for a writ of prohibition. We remand to the Court of Appeals for the entry of a writ of prohibition against the trial court.

All concur.

LAMBERT, C.J., not sitting.