## HUTH v. CURRY.  (No. 8150.)

Court of Civil Appeals of Texas. San Antonio.
Feb. 6, 1929.

Don A. Bliss and Geo. W. Huntress, both of San Antonio, for appellant.

Dodson & Ezell, of San Antonio, for appellee.

FLY, C. J. Appellee sought to recover judgment for $350, damages resulting from the breach of a contract for the delivery of Bermuda onion seed by appellant to appellee, at a certain price. The cause was tried by the court without a jury and resulted in a judgment in favor of appellee for the sum of $372.75.

The court filed his findings of fact, and no objections were urged to them, and they will be approved as correct by this court, as follows:

"Huth Seed Company now is and at all times mentioned in the pleadings has been a trade name of the defendant, Geo. Huth.

"About July 9, 1925, plaintiff, A. L. Curry, and the defendant, Geo. Huth, entered into an oral contract by the terms of which said plaintiff ordered from said defendant two hundred and twenty-five pounds of yellow Bermuda onion seed at a maximum price of $2.75 per pound, f. o. b. San Antonio, Texas, which order was accepted by said defendant and which is evidenced by the letter introduced in evidence dated July 10th, 1925, addressed to Dr. A. L. Curry, 615 Gibbs Building, City, signed Huth Seed Company, by Geo. Huth, owner.

"Said seed so ordered were for the purpose of planting in the fall, which was known to the defendant.

"About September 21, 1925, the defendant notified the plaintiff that but forty pounds of said seed would be delivered at a maximum price of $2.75 per pound, and that for all seed which plaintiff might procure from defendant in excess of forty pounds must be paid for by plaintiff at the rate of $4.50 per pound, f. o. b. San Antonio.

"Plaintiff was not able to procure seed of the kind and quality which had been ordered elsewhere than from the defendant nor at a less price than $4.50 per pound demanded by the defendant, and by reason thereof about September 28, 1925, plaintiff was required to agree to pay defendant $4.50 per pound for one hundred and eighty-five pounds of the two hundred and twenty-five pounds of seed which had been ordered at $2.75 per pound, and prior to January 1st, 1926, plaintiff made said payment to defendant.

"The orders for seed placed with defendant both about July 9th, 1925, and about September 28th, 1925, were for the sole account of plaintiff and were so accepted and treated by the defendant.

"Plaintiff claimed from defendant his duty to furnish the two hundred and twenty-five pounds of seed of the kind and quality ordered at $2.75 per pound, and stood ready, able and willing to accept and pay for said seed at said price, but defendant failed and refused to furnish but forty pounds thereof at $2.75 per pound and demanded of plaintiff, and he was, required to pay to defendant, $4.50 per pound for the remaining one hundred and eighty-five pounds.

"The amount which plaintiff was, required to pay by defendant and did pay to defendant for said one hundred eighty-five pounds, and which was paid prior to January 1st, 1926, above what should have been paid at the price stipulated in the contract of July 9th, 1925, was $323.75."

■■ There was a plain contract between appellant and appellee under which appellant was to furnish appellee 225 pounds of onion seed at $2.75 a pound. He furnished only 40 pounds at that price and $4.50 a pound for the remaining 185 pounds, which appellee paid under protest. The appellee was a landlord furnishing supplies to a tenant, but the landlord alone was liable to appellant, and he paid for the onion seed. The relation of landlord and tenant, and not that of partnership, existed between appellee and Wilson, his tenant. The transaction was a plain ordinary case of landlord and tenant. It may have been a great adventure to lease land to a man to plant in onions, and they may have been "joint adventurers," as they are called by appellant; but this would not justify a court to destroy the leasing of land on shares by creating a partnership or an "adventure" between the parties so as to render the landlord and tenant liable for what either might purchase in connection with producing a crop. Neither did the relation of principal and agent exist between appellee and Wilson, but the simple relation of landlord and tenant. The latter relation is distinctly separate and different from that of partnership or that of principal and agent. The tenant had no conceivable interest in the cause of action. The first, second, third, and fourth propositions are overruled.

■ There was ample evidence to prove that appellant contracted with appellee to furnish him 225 pounds of Bermuda onion seed at a price not exceeding $2.75 a pound, and that appellant breached that contract by failing and refusing to deliver more than 40 pounds at that rate and demanding $4.50 a pound for the remaining 185 pounds of seed. The fifth, sixth, and seventh propositions are overruled.

The judgment is affirmed.