313 P.2d 399

Max A. SPRINGER and Clara E. Springer, his wife, Appellants,
v.
The BANK OF DOUGLAS, an Arizona corporation, Appellee.
No. 6228.

Supreme Court of Arizona.
June 25, 1957.

Leon S. Jacobs and Carl W. Divelbiss, Phoenix, for appellants.

Rhodes & Killian, Mesa, for appellee.

WINDES, Justice.

The Bank of Douglas as plaintiff filed a complaint against Max A. Springer and Wayne Davis, a copartnership, and Davis and Springer individually, on a promissory note executed by Springer for the partnership. Davis answered denying any liability for any notes or mortgages signed by Springer for and on behalf of the partnership. Springer answered denying any amount due and alleging lack of knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation it was the owner and holder of the note. As an affirmative defense Springer alleged that the note was secured by a mortgage on partnership assets and that plaintiff negligently contributed to the impairment of the security for the note. Springer also filed two counterclaims. One was based on allegations that the plaintiff with knowledge of defendant Davis' intentions, assisted Davis in dissipating partnership funds for his personal benefit in violation of plaintiff's agreement with the partnership and the agreement between the partners. The other counterclaim is based on the allegation that in response to inquiries made by Springer, the plaintiff bank recommended Davis to be a worthwhile and trustworthy partner, an allegation

on information and belief that the plaintiff had knowledge the representations were false, and the counterclaimant was damaged thereby. The plaintiff bank by reply alleged the counterclaims failed to state claims for relief and denied the foregoing allegations in the counterclaims. Plaintiff moved for summary judgment against defendants and served notice thereof upon only defendant Springer and his wife. Judgment was granted for the plaintiff on the complaint and against Springer on his counterclaims. On Springer's appeal the question is presented whether this judgment is correct. The answer depends on whether there is a genuine material issue of fact to be tried. The parties will be referred to by name.

■ One of the material issues presented by the pleadings was whether the note was secured by a mortgage on partnership assets. The allegation in the answer that the security was given was sworn to by Springer. In support of the motion for summary judgment, an official of the bank submitted an affidavit that no such mortgage was executed. Sworn statement against sworn statement, each equally specific, creates a genuine issue of fact for trial. The bank contends that Springer should have filed a counter affidavit controverting the bank official's affidavit. All Springer could have done was to reiterate under oath a statement he had already made under oath. No such repetition

should be necessary. This issue should be tried. If the mortgage existed, Springer would be entitled to have the assets covered thereby applied toward the satisfaction of the partnership debt before judgment goes against him personally. Springer likewise alleged under oath that the bank had negligently contributed to the impairment of the security. This fact is not controverted by affidavit. It also was a material issue for trial. The court erred in granting plaintiff's motion for summary judgment on the issues framed by the complaint and answer.

■ With respect to the counterclaim bottomed upon the charge that the plaintiff assisted defendant Davis in dissipating partnership funds for his personal benefit in violation of the bank's agreement with the partnership and the agreement between the partners, in support of plaintiff's motion for summary judgment on this counterclaim there was an affidavit by an official of the bank setting up the signature card which Springer and Davis executed at the time the account was opened. This included the contract with the bank to the effect that either partner could draw on the account and that this constituted the only agreement entered into between the bank and the partners. The affidavit further stated that at no time during the existence of the account was a check ever paid that was not drawn in accordance with the agreement and that at no time did any

owner of the account call the bank's attention to a check not properly drawn against the account.

Springer in his deposition testified in effect that there were no checks involved in the charge that the bank helped defendant Davis dissipate the partnership funds. There are some indefinite statements concerning complaint about some drafts. His testimony is such that the court was justified in its conclusion that Springer had no substantial evidence to support this counterclaim or to refute the affidavit of the bank official concerning this account and the withdrawal of the funds in complete accord with the contract of the parties concerning the disbursement of the funds. The court properly rendered summary judgment against him on this counterclaim.

■ Did the court err in granting summary judgment on the counterclaim based on the allegations that one or more of the bank's officials represented Davis to be a worthwhile and trustworthy partner, the information and belief allegation that one or more of the bank's officials had knowledge that such recommendation was false, and the allegation that in reliance on such representation Springer entered into the partnership and as a result he sustained injury? On this subject we have the deposition of Springer wherein he states in effect that he had known Davis for four months and transacted business with him prior to the partnership agreement of June 25, 1953; that he talked to Mr. Taylor who told him he had known Davis for many years, Davis was a good businessman and Taylor would recommend going into business with him; and that shortly after the partnership was formed, in July, in August or September of 1953, he was warned by a Mr. Hall, an officer of the bank, that Davis was a crook. We think the foregoing discloses that Springer had no cause of action against the bank for fraudulently recommending Davis as a partner.

■ On its face the representation disclosed by the deposition and relied upon as constituting fraud was a mere expression of opinion. It could not be reasonably understood otherwise. The general rule is that fraud cannot be based upon expressions of opinion. This rule is founded upon the principle that the representee has no right to rely upon such statements. If he has an equal opportunity to form and exercise a judgment of his own, it is presumed that he relied upon his own judgment. 23 Am.Jur., Fraud and Deceit, sections 164, 165; Sorrells v. Clifford, 23 Ariz. 448, 204 P. 1013. Springer knew Davis and had been transacting business with him. He had opportunity to secure information and form his own judgment as to whether he wanted to risk a partnership agreement. There is authority for founding fraud upon opinion statements, as

where it is not open to both to make examination and inquiries or fair investigation is prevented or there is an inducement not to make investigation. The facts herein do not present any such situation. We conclude that the counterclaimant has no case of fraud against the bank and the court properly granted summary judgment on this counterclaim.

The judgment is reversed for trial upon the issues framed by the complaint and answer and is otherwise affirmed, appellant to recover costs on appeal.

UDALL, C. J., and PHELPS, STRUCKMEYER, and LA PRADE, JJ., concur.