Stanley R. BROWN, Appellant,

v.

Susie COATES, Appellee.

No. 345.

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 19, 1967.

Rehearing Denied Nov. 9, 1967.

Joe J. Alsup, of Alsup & Alsup, Corpus Christi, for appellant.

W. T. McNeil, of Vance, Vance & McNeil, Edna, for appellee.

OPINION

GREEN, Chief Justice.

Susie Coates and three other persons owned a 998.56 acre tract of land in Jackson County, Texas. By written agreement styled "Lease Contract" signed December 23, 1965, such owners as "Lessors" "rented and leased" said property to E. B. Wagner, "Lessee" for a period of five calendar years from January 1, 1966.

Plaintiff Stanley R. Brown sued Susie Coates and E. B. Wagner on an oral contract between Brown and Wagner for services rendered by Brown in clearing for cultivation approximately 300 acres of the land included in the lease. Plaintiff's claim of liability of Coates was based on the theory of a partnership between Coates and Wagner allegedly created as a matter of law by their written agreement. After a trial before the court without a jury, judgment was rendered favorable to plaintiff against defendant Wagner, but against plaintiff on his contentions of partnership, and recovery

against Coates was denied. Brown has appealed from the take-nothing judgment as to defendant Coates. Wagner is not a party to this appeal. No findings of fact were requested or filed. We affirm.

■■ An abbreviated statement of facts has been filed, Rules 377(b), and 377a, Texas Rules of Civil Procedure, and due to the scarcity of evidence in the record concerning the circumstances of the execution of the lease contract, and to the fact presumptions favoring the trial court's judgment, the issue on appeal is strictly one of law: whether the contract between the owners of the land, styled Lessors, and E. B. Wagner, Lessee, created *as a matter of law* the relationship of partners between lessors and lessee. If it did, appellant contends and appellee does not deny that appellee was jointly and severally liable for the debt sued on. The liability of partners is joint and several, and one partner may be sued without the necessity of joining the others. Sheffield v. Nobles, Tex.Civ.App., 378 S.W.2d 391, wr. ref.

By the terms of the contract, Wagner was to pay lessors $3.00 per acre annual rent for all of the land not being farmed; and agreed to cultivate not less than 100 acres in maize in 1966, and not less than 200 acres in maize in 1967 and subsequent crop years. Lessee would furnish seed and all labor and expense in clearing, root plowing, and preparing lands, and growing and harvesting the crops; and for their rental on the cultivated land lessors acquired a one-third interest in the maize and the proceeds thereof after deducting one-third of the actual costs of fertilizer and cutting and transporting the crop.

■ It is well established law in Texas that payment of a fixed proportion of the proceeds of a crop as rent for the use and occupancy of the land is consistent with the relationship of landlord and tenant, and raises no presumption of partnership. 35 Tex.Jur.2d, pp. 487–488, Landlord and Tenant, § 3; McCullough Hardware Co. v. Call, Tex.Civ.App., 155 S.W. 718, n. w. h.; Texas Produce Exchange v. Sorrell, Tex. Civ.App., 168 S.W. 74, n. w. h.; Huth v. Curry, Tex.Civ.App., 13 S.W.2d 733, n. w. h.; Art. 6132b, V.A.T.S. (Texas Uniform Partnership Act effective January 1, 1962) Art. 6132b, Sec. 7(4)(b).

While appellant concedes this rule of law, he argues that due to the combination of the crop-sharing provision with other portions of the contract, the landowners retained such control over Wagner's use of the property, and were so obligated to share in certain expenses and received such other benefits from the terms of the contract as to constitute them partners with Wagner in the farming operations. Appellant says, and appellee agrees, that in order for this land to be made suitable for cultivation, the part to be planted in maize had first to be cleared. To this end, the contract provided that lessee could keep one-half of lessors' rental portion of the maize until such time as lessee recovered $25.00 per acre on the land farmed in maize; that if appellee cultivated in maize more than the minimum acreage requirements of the contract, the term of the contract should be extended one year for each 100 acres cultivated in maize over such minimum requirements; and that if at any time during the existence of the lease lessors sold any of the cultivated lands, which sale would not be effective as to lessee until after the crops had been gathered, lessors should reimburse lessee for that portion of $25.00 per acre remaining to be recovered from crop rentals as above stated.

Appellant states that the foregoing terms of the contract establish that it was the intention of the parties thereto to enter into a partnership arrangement beneficial to all concerned for the purpose of getting this land cleared for agricultural purposes, and that lessors agreed to share mutually with lessee in the expenses and benefits to be gained. We overrule such contentions. The contract contains no provisions by which lessors agreed to share or become personally liable for any expenses or

losses of the farming operations; the $25.00 for each acre to be cleared for cultivation was to come only out of lessors' rentals (except in the event of sale, as stated above). There is nothing inconsistent with the landlord and tenant relationship in the agreement of lessors to accept a smaller share of the crop as rental in order to have more land placed in cultivation, or to partially reimburse lessee in event of a sale by lessors. Such agreement evidences no intention of the parties to create a partnership between landlord and lessee. Art. 6132b, Sec. 6(1), Sec. 7(4)(b).

Appellant also points to a provision of the contract whereby lessors agreed to share a portion of the expense of erecting a certain fence. Lessee was using for grazing purposes another tract of 978.1 acres owned by others which adjoined lessor's tract on the north, and there was no fence separating the two. The provision in question left it entirely to the discretion of lessee as to whether a boundary fence would be erected,* and the willingness of lessors to contribute to the expense should lessee decide to build it could not, in our judgment, be a factor in determining the existence of a partnership in the farming operations between the parties as claimed by appellant.

It is urged that lessors' reservation of certain power of control as to lessee's rights under the contract, such as in determining that a certain number of acres should be devoted to maize, the matter of the fences, egress and ingress on certain roads, keep-

ing certain hunting rights, etc., are consistent only with the partnership relation. We disagree. We have given the contract considerable study, and find no provisions therein which are inconsistent with the relation of landlord and tenant, or which require a determination of a partnership as a matter of law.

Davis v. Gilmore, Tex.Civ.App., 1951, 244 S.W.2d 671, wr. ref., relied on by appellant, is not controlling here because of the difference in the fact situation. As stated by Judge Pope in that case, "No single fact may be stated as a complete and final test of partnership. Each case must rest upon its own particular facts and the presence or absence of the usual attributes of a partnership relation." The relationship of landlord and tenant, or lessor and lessee, was not involved in Davis, nor was the fact of a percentage of the crop proceeds being received in *payment of rent to a landlord.* Sec. 7(4)(b), Art. 6132b, supra. A comparison of the contract in Davis with the one executed by appellee and Wagner and a careful reading of Judge Pope's opinion will readily demonstrate the differences in the fact situations.

The record before us does not disclose any error in the finding by the trial court that the contract in question did not create, as a matter of law, the relation of partnership between appellee and Wagner, and in rendering judgment favorable to appellee.

Judgment affirmed.

---

* We do not wish to suggest that had the contract required lessee to build the fence with lessors to share the expense, a presumption of partnership would follow. We pass on appellant's contentions as applicable to the existing situation only.