598 P.2d 1014

Josef MALISEWSKI, dba Expert Solar Systems, Plaintiff/Appellant,

v.

Tina SINGER, as personal representative of the Estate of Jerry Singer, and Tina Singer, as an Individual, Defendant/Appellee.

No. 2 CA–CIV 3213.

Court of Appeals of Arizona, Division 2.

July 26, 1979.

Christoffel & Zickerman by Dean C. Christoffel, Tucson, for plaintiff/appellant.

Bilby, Shoenhair, Warnock & Dolph, P.C. by David A. Paige, Tucson, for defendant/appellee.

## OPINION

RICHMOND, Chief Judge.

Appellant based this action on fraud and breach of an agreement making him a Tuc-

son distributor for products of Solahart, Inc. The complaint named as defendants, among others, Solahart, Inc., and Jerry Singer, Jane Doe Singer, Gene Hoffman and Jane Doe Hoffman, doing business as Solahart, Inc. Jerry Singer died during pendency of the action and his wife, Tina, filed a motion for summary judgment on the ground that the complaint failed to state a claim against her or her husband individually because any liability would extend only to the corporation. The trial court granted the motion and this appeal followed.

The pleadings, depositions and affidavits establish the following sequence of events:

1. June 29, 1977. Appellant entered into a written dealership agreement which was signed by him and Gene Hoffman on behalf of Solahart, Inc.

2. August 8. The corporation commission received the articles of incorporation of Solahart, Inc.

3. August 9. Appellant filed his complaint in this action.

4. August 11. The Solahart articles of incorporation were filed.

5. August 24. Tina Singer filed a motion for summary judgment seeking to dismiss "the subject action as against the individual defendant Singer." The motion was granted after argument.

Appellant contends the action was improperly dismissed as to appellee because as a promoter her husband may be personally liable for all pre-incorporation agreements signed on behalf of the corporation. We agree.

■ In Arizona a corporation's existence begins with the filing of the articles of incorporation. A.R.S. Sec. 10–056(A). August 11, the date on which the articles were filed, therefore marks the beginning of Solahart's existence as a corporate entity. It is well established that a corporate structure is a separate legal entity which has the legitimate purpose of insulating individuals from personal liability for acts done on behalf of the corporation. *Dietel v. Day,* 16 Ariz.App. 206, 492 P.2d 455 (1972). Here, however, the agreement, the acts complained of, and even the filing of the lawsuit occurred before the corporation came into existence.[1]

■■ Those who take an active part in organizing the corporation prior to its coming into being are called promoters of the corporation. Unless there is a specific agreement to the contrary, promoters remain liable on their pre-incorporation contracts even after incorporation. *RKO–Stanley Warner Theaters, Inc. v. Graziano,* 467 Pa. 220, 355 A.2d 830 (1976); *Spence v. Huffman,* 15 Ariz.App. 99, 486 P.2d 211 (1971). Until incorporation promoters are often treated as having entered into a partnership, *Holzer Sheet Metal Works v. Reynolds & Marshall,* 43 So.2d 169 (La.App.1949); *Gazette Pub. Co. v. Brady,* 204 Ark. 396, 162 S.W.2d 494 (1942), and in any partnership each partner becomes an "agent of the partnership for the purpose of its business." A.R.S. Sec. 29–209(A). There is no allegation in this case of an agreement to limit the promoter's liability nor is there any question that Jerry Singer and Hoffman were co-promoters. Hoffman's deposition establishes that prior to incorporation Singer as well as Hoffman negotiated an agreement on behalf of Solahart, Inc., and that each was a one-third owner of the company which was "run by Jerry Singer." There is at least a question of fact as to whether they were partners as well as co-promoters. See *Bohmfalk v. Vaughan,* 89 Ariz. 33, 357 P.2d 617 (1960). Inasmuch as the acts of his co-promoter may be attributed to him, Singer may be jointly and severally liable on the pre-incorporation agreement with appellant. See A.R.S. Sec. 29–215.

---

1. A motion to amend the complaint was filed on September 16 after the filing of the articles and granted on November 21. The only amendment, however, was deletion of a count for rescission and in any event, under 16 A.R.S., Rules of Civil Procedure, Rule 15(c), the amendment relates back to the date of the original pleading and therefore still predates the articles of incorporation.

Appellee argues that appellant is precluded from pursuing his claim against her because he failed to allege a theory of partnership liability in his complaint. The complaint names Singer and his co-promoter individually, however. If appellee was unclear as to the theory of liability, she had the option of asking for clarification. *Markel v. Transamerica Insurance Title Company,* 103 Ariz. 353, 442 P.2d 97 (1968), cert. den. 393 U.S. 999, 89 S.Ct. 484, 21 L.Ed.2d 463.

Appellee argues that the action was properly dismissed because the complaint failed to name as an indispensable party another member of the partnership. Where partners are both jointly and severally liable, however, suit may be brought against all or any of the partners. *Brown v. Coates,* 420 S.W.2d 822 (Tex.Civ.App.1967). Cases cited by appellee involve enforcement of an obligation owing to the partnership and are inapposite.

Finally, we reject appellee's contention that appellant is barred under the doctrine of election of remedies from pursuing his claim on a partnership theory because he originally elected to sue the corporation. The doctrine of election of remedies operates to preclude a claimant from maintaining an action on one theory and then pursuing an inconsistent theory based on the same claim. *Hennesy Equipment Sales Co. v. Valley National Bank,* 25 Ariz.App. 285, 543 P.2d 123 (1975). A promoter is not relieved of his liability on a contract even after the corporation ratifies the contract and thereby assumes its own liability. *RKO–Stanley Warner Theaters, Inc.,* supra. Appellant's rights against Singer as a partner/promoter are not inconsistent with a claim against the corporation. The doctrine of election of remedies has no application.

Reversed and remanded.

HATHAWAY and HOWARD, JJ., concur.