800 P.2d 574

**CATALINA MORTGAGE COMPANY, INC., an Arizona corporation, Plaintiff,**

v.

**Michael H. MONIER and Jane Doe Monier, husband and wife, Defendants.**

No. CV–89–0316–CQ.

Supreme Court of Arizona, En Banc.

July 12, 1990.

Fioramonti & Greenberg, P.A. by Jeffrey H. Greenberg, Tucson, for plaintiff.

D. Michael Romano, Ltd. by D. Michael Romano, Tucson, for defendants.

## OPINION

FELDMAN, Vice Chief Justice.

The Chief Judge of the United States District Court for the District of Arizona has certified to us the question of whether, under Arizona law, a creditor may obtain a judgment against an individual general partner on a partnership debt prior to exhausting partnership assets. *See* Rule 27(a), Ariz.R.Sup.Ct., 17A A.R.S. We accepted jurisdiction to clarify this area of the law because it presents an issue of statewide importance. *See* Rule 27(b), Ariz.R.Sup.Ct., 17A A.R.S. We have jurisdiction pursuant to A.R.S. § 12–1861 and Ariz.Const. art. 6, § 5(6). We exercise our discretion in accordance with the principles set forth in *Torres v. Goodyear Tire & Rubber Co., Inc.*, 163 Ariz. 88, 90, 786 P.2d 939, 941 (1990).

## FACTS AND PROCEDURAL HISTORY

The facts are set forth in the certification order and are assumed for purposes of this proceeding. In 1984, Michael Monier and Talon Financial Corporation (Talon) formed the Coronado Industrial Investors Limited Partnership (Coronado). Monier and Talon were general partners; other individuals and entities were limited partners in the venture.

Shortly after its formation, Coronado purchased an office and warehouse complex in Tucson. In 1986, the partnership refinanced this property with a loan from Catalina Mortgage Company (Catalina).

Talon's president, Roger Howard, executed a promissory note in the amount of $675,000 on behalf of Coronado. In mid–1987, Talon withdrew as a general partner, leaving Monier as the sole general partner in Coronado.

The promissory note matured and $687,935.39 plus interest is now due and owing. Coronado filed for protection pursuant to Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1101 *et seq.*

In January 1989, Catalina filed a complaint against Monier in United States District Court, seeking judgment for the amount due on the promissory note plus interest, costs, and attorney's fees. Relying on A.R.S. § 29–215, Catalina alleged that Monier was jointly and severally liable with the partnership entity for the debt. Monier answered, contending, among other things, that because the note was an obligation of the partnership, the partnership assets had to be exhausted before the creditor sought recovery from an individual general partner.

## DISCUSSION

■■■ If a partnership's debt is contractual in nature, common law requires creditors to resort to and exhaust partnership assets before reaching the partners' individual assets. *McCune & McCune v. Mountain Bell Tel.*, 758 P.2d 914, 917 (Utah 1988) (citing numerous authorities). At common law, a partner is only jointly liable for the partnership's contractual debts, though partners are jointly and severally liable for tort obligations. *Johnson v. Gill*, 235 N.C. 40, 68 S.E.2d 788, 791 (1952).

As adopted in most states, the Uniform Partnership Act (UPA) preserves this common law rule.[1] The Arizona version of the UPA, however, provides as follows:

> All partners are liable jointly and severally for everything chargeable to the partnership under §§ 29–213 and 29–214, and *for all other debts and obligations of the partnership;* but any partner may enter into a separate obligation to perform a partnership contract.

A.R.S. § 29–215 (emphasis added).[2]

### A. Contentions

■■■ In claiming the partnership assets must be exhausted before a creditor may obtain a judgment against an individual general partner, Monier relies primarily on *Springer v. Bank of Douglas*, 82 Ariz. 329, 313 P.2d 399 (1957). He asserts that despite the words of the statute, the language in *Springer* aligns Arizona with the majority of jurisdictions that follow the common law rule that a partnership's assets must be exhausted before a creditor can reach the assets of an individual partner.

In *Springer*, the bank filed a complaint against the Springer and Davis partnership and Springer and Davis individually on a promissory note executed by Springer on behalf of the partnership. Davis answered, denying any liability for any notes or mortgages signed by Springer for and on behalf of the partnership. In his answer, Springer both denied liability and alleged as an affirmative defense that the note was secured by a mortgage on partnership assets.

The bank filed a motion for summary judgment against both defendants, but apparently proceeded only against Springer. The trial court granted judgment for the bank, Springer appealed, and we reversed the judgment. The question presented was

---

**1.** Section 15 of the UPA provides:
All partners are liable
(a) Jointly and severally for everything chargeable to the partnership under sections 13 [Partnership Bound by Partner's Wrongful Act] and 14 [Partnership Bound by Partner's Breach of Trust].
(b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract.

Unif. Partnership Act § 15, 6 Uniform Laws Annotated (U.L.A.) 174, Master Edition (1969).

**2.** This section is made applicable to general partners in a limited partnership by A.R.S. § 29–324(b): "Except as provided in this chapter, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners."

"whether there is a genuine material issue of fact to be tried." 82 Ariz. at 331, 313 P.2d at 400. Examining the record, we noted that one of the material issues was whether the promissory note was secured by a mortgage. We held that Springer's sworn allegation in his answer that a mortgage was executed and a bank officer's sworn affidavit to the contrary created an issue of material fact precluding summary judgment. We then stated without reference to A.R.S. § 29–215 [3] or citing any other authority: "If the mortgage existed, Springer would be entitled to have the assets covered thereby applied toward the satisfaction of the partnership debt before judgment goes against him personally." 82 Ariz. at 331, 313 P.2d at 401.

Monier claims that although the court did not discuss A.R.S. § 29–215 in its opinion, it must have been aware of the statute's existence at the time of its decision. Thus, he argues, despite the words of the statute this court is bound to follow *Springer*'s conclusion that a partner's individual assets may not be reached absent exhaustion of partnership assets.

Relying on A.R.S. § 29–215 and *Malisewski v. Singer*, 123 Ariz. 195, 598 P.2d 1014 (Ct.App.1979), Catalina maintains that because the statute imposes joint and several liability on all partners, it may proceed against Monier without exhausting partnership assets. Catalina distinguishes cases from other jurisdictions that have considered the issue on the grounds that the applicable law imposed only joint liability as opposed to joint and several liability, that some states specifically provide by statute that partnership assets must be exhausted prior to imposing liability on individual partners for contractual obligations, and that the bankruptcy courts in some instances have misconstrued the state law involved.

## B. Resolution

At the time the Arizona version of the UPA was enacted, A.C.A. § 21–1221 (1939) provided:

> All parties to a joint obligation, including negotiable paper, and *partnership debts,* shall be severally liable also for the full amount thereof. They may be sued thereon jointly or separately joining one [1] or more, and judgment may be rendered in each, without barring an action against any of those not included in such judgment, or releasing any of those not sued; the court, may, however, require the plaintiff to bring in as defendants all parties jointly liable on the obligation in the action, and any subsequent judgment shall be for the amount unsatisfied.

(Emphasis added.) This provision has remained essentially unchanged since it appeared in the 1913 Civil Code, *see* 6 R.S. 1913 § 551, and it exists today as A.R.S. § 44–141.

Referring to the statute as it appeared in the 1928 Code, we stated:

> The note was ... evidence of a partnership obligation. It was given for funds to be used in the partnership business. This being so, each partner is liable for the debt (sec. 3836, Rev.Code 1928) regardless of their rights *inter sese....*

*Evans v. Colorado Savings Bank,* 41 Ariz. 504, 506, 19 P.2d 1062, 1063 (1933).

Thus, at the time the legislature adopted our modified version of the UPA, Arizona's joint obligation statute provided that a joint obligor, such as a partner, was severally liable and could be sued without joining other partners or the partnership. Consistent with the predecessor to A.R.S. § 44–141, the legislature apparently modified section 15 of the UPA to provide in A.C.A. § 53–1515 [4] that all partners were to be jointly and severally liable for "all ... debts and obligations of the partnership...." The legislative purpose in making this modification was to "effect certain

---

**3.** Although *Springer* was decided in 1957, the partnership involved in the case was formed during the summer of 1953, nearly a year before the UPA was enacted in Arizona.

**4.** Arizona's version of the UPA was enacted by Laws 1954, ch. 66. Section 15 of the act became § 53–1515 of the code. *See* A.C.A. 1939, Supp. 1954. It was re-enacted without substantive change in the 1956 code revision as A.R.S. § 29–215.

procedural results, rather than to affect the substantive law." Unif. Partnership Act § 15, 6 U.L.A. 175.

Given these statutes, we cannot accept Monier's proposition that *Springer* adopts a rule of only joint liability. Inspection of the briefs filed in *Springer* reveals that neither party cited the Arizona statutes dealing with joint liability (A.C.A. § 21–1221, now A.R.S. § 44–141) or partnership liability (A.R.S. § 29–215). Nor did the court's opinion cite either statute.

Because Arizona statutory law had imposed joint and several liability for partnership debts for more than forty years before *Springer* was decided, we cannot agree that without discussion or analysis, the case stands for the binding proposition that, despite two statutes to the contrary, this state follows the common law rule or the language of A.R.S. § 29–215 implies as much.[5] *See also Malisewski*, 123 Ariz. at 197, 598 P.2d at 1016 ("[w]here partners are both jointly and severally liable, ... suit may be brought against all or any of the other partners").

■ Nor are we persuaded by authorities Monier cites from other states. A number of cases arose in jurisdictions that follow the common law rule of joint liability as adopted by the UPA.[6] Other states have specific statutes which provide that partnership assets must be exhausted before liability can be imposed on individual partners.[7] Other cases Monier cites have arguably misconstrued state law.[8]

Moreover, commentators have decried the fact that the drafters of the UPA chose to adhere to the notion that partners should not be immediately liable for debts they incur. *See* Campbell, *Partnership Obligations and Their Enforcement*, 32 CHI-KENT L. REV. 127 (1953–54). Professor Campbell states that

> it is difficult to perceive why the Uniform Partnership Act did not declare all partnership obligations to be joint and several in conformity with statutory provisions [such as A.R.S. § 44–141] dealing with joint rights and obligations such as exist in most jurisdictions, provisions intended to remedy the contrary harsh theory of the common law, with its attendant procedural difficulties. One of the risks which any partner undertakes is that of being personally called upon to pay all partnership obligations. If he does so, he has his own recourse against his fellows. Why, then, should not this ultimate risk be made immediate, and arise at the time of the undertaking? Why place the burden of seeking out and pursuing hidden or absent partners upon

---

**5.** We acknowledge that § 29–215 was raised in *Springer*. The bank cited it for the first time in a motion for rehearing that was summarily rejected by the court. One could argue, therefore, that the court did not consider the statute dispositive. Again, given the clear language of the statute, we are unwilling to make that assumption absent any reference or analysis in the opinion. Furthermore, Springer, in his objection to the bank's motion for rehearing, stated he did not believe that in using the cited language, we intended to undermine established precedent by our statement.

**6.** *See, e.g., Hartford Fin. Sys. v. Florida Software Serv., Inc.,* 550 F.Supp. 1079 (D.Maine 1982); *Wisnouse v. Telsey,* 367 F.Supp. 855 (S.D.N.Y. 1973); *Young v. Mayfield,* 316 P.2d 162 (Okla. 1957); *McCune & McCune v. Mountain Bell Tel.,* 758 P.2d 914 (Utah 1988).

**7.** *See, e.g., Security State Bank v. McCoy,* 361 N.W.2d 514, 515 (Neb.1985) (statute, in existence since 1867, contemplates a prior judgment against the partnership as a condition precedent

to bringing an action against individual partners).

**8.** Missouri partnership law provides for joint and several liability, but in *In Re Norman,* 32 B.R. 562, 565 (Bkptcy Mo.1983), the court said it appeared a creditor must satisfy a claim out of partnership assets before gaining access to assets of individual partners. The court misconstrued Missouri law when it cited *Plattner v. People's Bank of Salisbury,* 71 S.W.2d 75 (Mo. App.1934), which dealt only with a partner's right to apply partnership money toward the payment of his individual debt, and *Wilbur Waggoner Equip. Rental v. Bumiller,* 542 S.W.2d 32 (Mo.App.1976), which dealt only with the requirements for pleading and/or denying the existence of a partnership. In fact, in Missouri, a creditor may hold a partner liable for the entire debt of the partnership. *See Smith v. Wohl,* 702 S.W.2d 905 (Mo.App.1985). The Missouri partner who has paid more than his share of a partnership's obligation has the right to seek reimbursement from his co-partners. *Id.* at 910.

those who deal with partnerships? Why not suit and judgment against any convenient partner, leaving it to him to settle with his fellows?

*Id.* at 129.

Finally, when faced with precisely the same issue, the Alabama Supreme Court applied the act that made partners jointly and severally liable and held that a creditor could bring an action on a partnership debt against one of the partners without first attempting to recover the debt from the partnership or proving that the partnership had no assets. *Head v. Henry Tyler Const. Corp.*, 539 So.2d 196, 199 (Ala.1988). The court stated:

> Several liability is "[l]iability *separate and distinct from liability of another* to the extent that an independent action may be brought without joinder of others." [Citation omitted.] The individual liability associated with partners that are jointly liable is not separate and distinct from the liability of all the partners jointly. Rather, [that] individual liability arises only after it has been shown that the partnership assets are inadequate. No direct cause of action may be maintained against the individual partners until the above condition is met. Several liability, on the other hand, imposes no such conditions precedent before one can be held individually liable.

*Id.* (emphasis in original).

*Head* parallels this case in every respect, including the statutory scheme. We find its reasoning persuasive. In forming a partnership, the individual partner has created a buffer, not a shield. Considering our long-standing statutory provisions, a rule that permits the creditor to recover from the partner before the partnership assets are exhausted does not defeat the expectations of the partner who has failed to protect his personal assets by incorporating. Furthermore, the partner who pays more than his pro rata share may seek indemnification from the partnership. A.R.S. § 29–218.

We hold, therefore, that the scheme imposed by Arizona statutes is simply that a general partner is jointly and severally liable for partnership debts. The partner may be sued severally and his assets reached even though the partnership or other partners are not sued and their assets not applied to the debt. We are aware that in some cases this may produce harsh results. If this be the case, it is for the legislature to remedy the situation.

## CONCLUSION

The answer to the certified question is that under Arizona law a creditor may obtain a judgment against an individual general partner on a partnership debt and may reach the partner's assets prior to exhausting partnership assets.

GORDON, C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.