The SHOREHAM HOTEL LTD.
PARTNERSHIP, Plaintiff,

v.

L. Douglas WILDER, et al., Defendants.

Civ. A. No. 93–2289.

United States District Court,
District of Columbia.

May 12, 1994.

Stephen Lawrence Bluestone, Bethesda, MD, for Shoreham Hotel Ltd. Partnership.

Erroll D. Brown, Landover, MD, for L. Douglas Wilder.

Chrys D. Lemon, McNair Law Firm, P.A., Washington, DC, for Terry Sanford.

Myles V. Lynk, Martha Jeanet Talley, Dewey Ballantine, Washington, DC, for Carnegie Corp. of N.Y., Xerox Corp., Gloria Primm Brown.

David Michael Morris, Stephen W. Bricker & Associates, Richmond, VA, for Richard Taylor.

Myles V. Lynk, Martha Jeanet Talley, Barbara Washington Franklin, Washington, DC, for Glegg Watson.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Pending before the Court are the plaintiff's motion to amend the complaint and the defendants' motions to dismiss, to strike, and for sanctions. After carefully considering the parties' motions and the arguments of counsel at oral argument on March 10, 1994, the Court finds that the plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court will dismiss this case with prejudice.

### BACKGROUND

This case arises out of an unpaid hotel bill. In January of 1991, an unincorporated organization called the 21st Century Commission on African American Males ("21st Century Commission") made arrangements for a conference at the Omni Shoreham Hotel ("Omni Shoreham"). Nondefendant J.D. Andrews, acting for the 21st Century Commission, signed a letter of agreement in which the Omni Shoreham agreed to provide hotel and conference services for a conference that took place in Washington, D.C. from May 21 to May 25, 1991. The total bill from the conference was $96,153.12. Although the 21st Century Commission has made some payments, there is still a significant amount outstanding. As of February 19, 1993, the total amount outstanding, including finance charges, was $88,044.07.

The plaintiff has a contract action pending in the Superior Court of the District of Columbia against the 21st Century Commission and J.D. Andrews.[1] On October 29, 1993, the plaintiff attempted to amend the complaint in that suit to add a number of additional defendants. Judge Henry Greene denied the motion without prejudice, finding no evidentiary basis for amending the complaint to add the additional defendants. Undaunted, the plaintiff's counsel indicated that he would file a separate lawsuit against the additional defendants. Judge Greene replied by saying, "You file your additional lawsuit. Just remember Rule Eleven when you file." Transcript of October 29, 1993 Hearing before Judge Henry Greene in D.C.Super.Ct.Civ. No. 2725–93, at 6.

The plaintiff subsequently filed this diversity action against all of the defendants whom Judge Greene refused to add to the Superior Court action. The plaintiff alleges that Carnegie Corporation of New York ("Carnegie"), Xerox Corporation ("Xerox"), former Virginia Governor L. Douglas Wilder, and former United States Senator Terry Sanford were each active participants in and organizers of the 21st Century Commission. The plaintiff alleges that these defendants were represented by their agents on a planning committee that acted on behalf of the 21st Century Commission. Specifically, the plaintiff argues that Gloria Primm Brown acted for Carnegie, Glegg Watson acted for Xerox, Richard Taylor acted for Wilder, and nondefendant Kathryn Wellman acted for Sanford.

The plaintiff alleges that the planning committee was in the nature of a board of directors. The plaintiff argues that the planning committee made the decision to enter into the agreement with the Omni Shoreham and authorized J.D. Andrews to execute the agreement on behalf of the 21st Century Commission. The plaintiff argues that because their agents decided to enter in the agreement and ratified Andrew's actions, defendants Carnegie, Xerox, Wilder, and Sanford are liable for the hotel bill. Additionally, the plaintiff argues that defendants Brown, Watson, and Taylor are individually liable for the hotel bill because they were members of the planning committee and actively participated in the decision to enter in the agreement.

### DISCUSSION

All defendants but Sanford have filed motions to dismiss the plaintiff's com-

---

1. Although the 21st Century Commission was not incorporated at the time of the conference, it was subsequently incorporated as a non-profit corporation in the District of Columbia on September 27, 1991.

plaint on various grounds. Sanford has filed an answer but asserts as a defense that the plaintiff's complaint fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In evaluating the plaintiff's complaint, the Court must accept the factual allegations as true and draw reasonable inferences therefrom in favor of the plaintiff. *Square D. Co. v. Niagara Frontier Tariff Bureau, Inc.*, 476 U.S. 409, 411, 106 S.Ct. 1922, 1924, 90 L.Ed.2d 413 (1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Applying these principles, the Court finds that the plaintiff has failed to state a claim upon which relief can be granted.

### A. The Plaintiff's Motion to Amend the Complaint

As a preliminary matter, the Court will consider the plaintiff's motion to amend the complaint. The defendants seek to dismiss this action because the original plaintiff is not a proper party to bring this lawsuit. This suit was brought in the name of The Shoreham Hotel Limited Partnership. Partnerships in the District of Columbia are not capable of suing or being sued. *Anderson v. Hall*, 755 F.Supp. 2, 4 (D.D.C.1991). Thus, it appears that the Court could dismiss this case, as it is currently captioned, without further consideration.

Recognizing this problem, the plaintiff has filed a motion seeking to amend the complaint. In the amended complaint, the plaintiff seeks to replace the originally-named plaintiff with Waring S. Justis. Justis has been appointed as the receiver for real and personal property of the Omni Shoreham by the Superior Court. Because Paragraph 2g of the Order appointing the receiver gives Justis the power "to bring all actions at law

or in equity which cause may require," the plaintiff asserts that Justis can properly be substituted as the plaintiff in this case. Plaintiff's Motion to Amend the Caption and the Complaint, Exhibit 1. Despite the defendants' objections to this motion, the Court will grant the motion to amend the complaint because leave to amend should be freely granted under Fed.R.Civ.P. 15(a). Although this amendment keeps the plaintiff's claim alive a little bit longer, it does not save it from its other fatal flaws.

### B. The Defendants' Motions Dismiss for Failure State a Claim

Although the plaintiff's complaint is entitled "Complaint on a Contract," it does not allege that any of the defendants in this case signed any contract with the Omni Shoreham. The only two exhibits attached to the complaint, a billing request and letter of agreement, do not suggest that any of the defendants were parties to the contract. The billing request indicates that bills should be sent to J.D. Andrews. Andrews is also listed as the contact person, client, controller, and individual authorized to approve payment. Plaintiff's Complaint, Exhibit A. The letter of agreement is addressed to nondefendant Kathy Wellman "c/o Senator Terry Sanford's Office." However, it is signed by Andrews, whose title is listed as "CEO." Plaintiff's Complaint, Exhibit B. These documents do not indicate that any of the defendants were parties to the contract, intended to be liable on the contract or represented to the Omni Shoreham that they would be responsible for the contract.[2] The plaintiff can not, and does not, attempt to state a standard contract claim against the defendants.

The plaintiff's theory of liability arises from the fact that the 21st Century Commission was not incorporated until several months after the agreement was signed and performed. Although the plaintiff has sued the 21st Century Commission and J.D. Andrews in Superior Court, the plaintiff as-

---

**2.** Although none of the defendants represented to the Omni Shoreham that they would be financially responsible, on May 8, 1991, Andrews provided a letter to the Omni Shoreham guarantee-ing up to $175,000 of the conference's expenses. Defendant Carnegie Corporation's Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment, Exhibit 1.

serts that the Omni Shoreham has a valid cause of action against the defendants because they were also responsible for entering into contract between the hotel and the 21st Century Commission. The plaintiff relies upon a provision of the District of Columbia Code which states that:

> All persons who assume to act as a [nonprofit] corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.

D.C.Code § 29–599.2. The plaintiff argues that this provision does not merely impose liability upon individuals who sign a contract on behalf of a non-existent principal. The plaintiff argues that § 29–599.2 adopts a theory of promoter liability that extends liability to all persons associated with promoting or organizing an unincorporated entity when someone enters into a contract in the name of that entity.

On its face, it does not appear that the plaintiff has stated a valid claim under § 29–599.2. Nowhere in the complaint does the plaintiff assert that the defendants in this case assumed to act as a corporation without authority to do so. The complaint alleges that the defendants, either directly or through agents, were involved in organizing the 21st Century Commission and planning the conference that took place at the Omni Shoreham. However, nothing in the complaint suggests that the defendants purported to act as a corporation or represented to others that they were acting as a corporation. In fact, nothing in the complaint indicates that the defendants knew or had reason to know about the 21st Century Commission's corporate status. Because the complaint makes no allegation that the defendants assumed to act as a corporation without authority to do so and nothing in the complaint would permit the Court to draw such an inference, the complaint fails to state a cause of action under the plain language or § 29–599.2.

Even assuming that the plaintiff has adequately alleged that the defendants assumed to act as a corporation without authority to do so, the plaintiff has cited no authority that would suggest that the factual allegations in this case could state a valid claim under § 29–599.2. The sole District of Columbia case relied upon by the plaintiff is *Robertson v. Levy*, 197 A.2d 443 (D.C.1964). In *Robertson*, an individual claiming to be the president of an organization signed a note prior to the actual issuance of the certificate of incorporation for that organization. The court held that the individual was personally liable on the note, finding that where an individual purports to act on behalf of a corporation prior to the issuance of the certificate of incorporation, the individual is liable for the debts incurred. *Id.* at 447.[3] This case is clearly distinguishable from *Robertson* because none of the defendants in this case are alleged to have either signed any documents or purported to act on behalf of the 21st Century Commission. The plaintiff's complaint seeks to take the concept of personal liability under § 29–599.2 several steps past *Robertson*'s holding to cover individuals who are alleged to have been involved in planning an organization's activities regardless of whether or not they sign any documents, purport to act on behalf of the corporation or are aware that an organization is not incorporated. Because the plaintiff seeks to pursue a claim under § 29–599.2 that has never previously been asserted or recognized, it fails to state a claim upon which relief can be granted.

Recognizing that its reliance upon § 29–599.2 may not adequately support the purported cause of action, the plaintiff attempts to rely upon a broad theory of promoter liability that has been adopted in other jurisdictions. Promoters are defined as individuals "who take an active part in organizing the corporation prior to its coming into being." *Jones v. Health Resources Corp. of America*, 509 A.2d 1140, 1146 n. 15 (D.C. 1986) (quoting *Malisewski v. Singer*, 123 Ariz. 195, 598 P.2d 1014, 1015 (App.1979)).

---

3. The *Robertson* court did not interpret § 29–599.2. It addressed the predecessor to D.C.Code § 29–399.40. Section 29–399.40 is identical to § 29–599.2, except that it applies to business corporations, rather than nonprofit corporations. Because *Robertson* interprets a statute containing language identical to that contained in § 29–599.2, it provides helpful guidance for this case.

The plaintiff notes that a majority of jurisdictions hold that where two or more persons associate in the joint enterprise of promoting a corporation and one of them makes a contract within the scope of the promotion, all are liable on the contract as partners. M.L. Cross, Annotation, *Personal Liability of Promoter to Third Person on or with Respect to Contract Made for Corporation or in Aid of Promotion*, 41 A.L.R.2d 477, 488 (1955 and Supps.1992 & 1993). Accordingly, the plaintiff argues that the majority view of promoter liability should be applied to the defendants in this case. Although the plaintiff does not assert that this theory of promoter liability has been adopted in the District of Columbia, there is authority to support the suggestion that the District of Columbia has adopted some form of the majority rule. *See Jones*, 509 A.2d at 1146 n. 15.[4] Nevertheless, even assuming that the District of Columbia has adopted the majority theory of promoter liability, the plaintiff has referred the Court to no authority in the country where liability has been imposed upon defendants similar to those in this case.

The plaintiff has alleged that the defendants or their agents were active participants in the planning committee and were also organizers of the 21st Century Commission. This may be a valid allegation that the defendants were promoters of the 21st Century Commission under the definition mentioned in *Jones*, 509 A.2d at 1146 n. 15. However, the factual allegations in the complaint are not sufficient to state a valid claim for promoter liability. The majority rule states that "where two or more persons associate in the joint enterprise of promoting a corporation, and *they or one of them* makes a contract which is within the scope of the promotion, all of them are liable on or with respect to the contract as partners." 41 A.L.R.2d at 488. While the plaintiff may allege that the

defendants were promoters, the plaintiff's complaint does not allege any facts that suggest that J.D. Andrews was a promoter of the 21st Century Commission. The failure to allege that Andrews was a promoter is significant because the plaintiff has cited no cases where a court has applied a theory of promoter liability when the preincorporation contract was entered into by an individual who was neither a promoter nor a defendant. Absent such an allegation, the plaintiff is unable to state a valid claim upon which relief can be granted.

The cases relied upon by the plaintiff suggest that promoter liability may apply when one of the promoters negotiates or signs a contract. *See Hutchins v. Grace Tabernacle United Pentecostal Church*, 804 S.W.2d 598, 599 (Tex.Ct.App.1991) (members of unincorporated association not liable for contract entered into by member unless they adopt or ratify contract); *Malisewski*, 598 P.2d at 1015 (promoter may be liable for preincorporation contract entered into by co-promoter). However none of these cases applies promoter liability to a situation where none of the promoters signed or negotiated the agreement. This distinguishes every case cited by the plaintiff, including the case which the plaintiff asserts is analogous to this situation, *Jim Host and Associates, Inc. v. Sharpe*, 639 S.W.2d 784 (Ky.Ct.App.1982). In *Jim Host*, the Kentucky Court of Appeals found that the plaintiff stated a valid claim against individual members of a steering committee of an unincorporated association when the defendants "were the very ones who negotiated with the appellant and authorized the services to be performed." *Id.* at 785. In this case, Andrews negotiated and signed the contract himself and the plaintiff fails to allege that Andrews was a promoter or even an agent of the defendants. Applying the plaintiff's theory of promoter liability to this case

---

4. The plaintiff's argument is unclear as to whether § 29–599.2 adopts the majority theory of promoter liability or whether this theory exists under the common law. The language of § 29–599.2 ("All persons who assume to act as a corporation without authority") could be interpreted as adopting the majority rule and applying it to both signatories of contracts and other promoters who do not sign contracts. The *Robertson* case is the only District of Columbia authority cited by the plaintiff and it does not discuss the liability of individuals who do not sign contracts or otherwise purport to act on behalf of the unincorporated organization. Given the broad language of the statute and the fact that it imposes joint and several liability, it is possible that the statute was intended to adopt the majority theory of promoter liability. However, no court has made such a holding and this Court will not do so here.

would make the defendants liable for a contract signed by a person who was neither an agent nor a promoter when the defendants had no involvement in negotiating or signing a contract and did not purport to be acting for or as a corporation. Such an application would extend the theory of promoter liability to a situation in which it has never before been applied. Rule 12(b)(6) does not require a Court to make such a bold leap of legal faith. Under the law of the District of Columbia as it currently exists, it is clear that the plaintiff has failed to state a claim upon which relief can be granted.[5]

## C. Motions to Strike and for Sanctions

Defendants Carnegie, Xerox, Brown, and Watson have filed a motion seeking to strike the plaintiff's filing of March 4, 1994. The defendants seek to strike the filing because it was filed out of time and without leave of the Court. The Court will deny the defendants' motion to strike the plaintiff's March 4, 1994 filing because it does not appear that the defendants were prejudiced by the filing. Additionally, striking the filing would be irrelevant in light of the Court's ruling in this case.

The same four defendants have also filed a motion asking the Court to impose sanctions against the plaintiff and plaintiff's counsel for violating Fed.R.Civ.P. 11. The Court is very troubled by both the plaintiff's decision to bring this suit despite the warnings of Judge Henry Greene in the Superior Court and the defendants' allegations that this action was brought solely to embarrass the defendants. Additionally, the Court is troubled by the decision of plaintiff's counsel to file this suit in the name of a partnership when such a suit is not permissible under District of Columbia law. Nevertheless, the Court is not convinced that Rule 11(b) has been violated and it will refrain from imposing sanctions against the plaintiff.

## CONCLUSION

For the foregoing reasons, the Court finds that the plaintiff has failed to state a claim upon which relief can be granted against any

of the defendants. Accordingly, the defendants' motions to dismiss are granted and this case is dismissed with prejudice.

### *ORDER*

For the reasons expressed in the Court's Memorandum Opinion, it is this 11th day of May, 1994 hereby

ORDERED that the plaintiff's motion to amend the complaint is GRANTED; and it is further

ORDERED that the defendants' motion to strike is DENIED; and it is further

ORDERED that the defendants' motion seeking the imposition of sanctions pursuant to Fed.R.Civ.P. 11 is DENIED; and it is further

ORDERED that the defendants' motion to dismiss the plaintiff's complaint for failure to state a claim is GRANTED; and it is further

ORDERED that this case is DISMISSED.

---

**5.** Because of this holding, the Court need not reach the numerous other grounds for dismissal raised in the defendants' motions and will express no view on those issues.